UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| KERSTEN PAVAO, on behalf of herself and all others similarly situated, <br><br> Plaintiff, <br><br> v. <br><br> R.I. CRANSTON ENTERTAINMENT, INC., d/b/a WONDERLAND GENTLEMEN'S CLUB, and ANDRES KUNHARDT, <br><br> Defendants. | C.A. No. 1:25-cv-00592 |

## ORDER

Mary S. McElroy, United States District Judge.

Kersten Pavao brings this collective action complaint on behalf of dancers and servers who have worked at the adult entertainment venue Wonderland, alleging violations of federal and state wage laws. After Plaintiff amended her complaint, (ECF No. 16), Defendants filed this motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. (ECF No. 18.) For the following reasons, the Motion to Dismiss is DENIED.

### I.    BACKGROUND

Ms. Pavao worked for Wonderland from 2022–2025, first as a dancer, then as a server. (ECF No. 16 ¶ 1.) Dancers at Wonderland were classified as independent contractors, not employees. *Id.* ¶ 2. Servers were allegedly paid less than the

1

statutory minimum wage. *Id.* ¶ 31.  Mr. Kunhardt is alleged to have identified himself as an owner of Wonderland and to have overseen schedules, determined fees charged to dancers, and to have hired, fired, and suspended employees. *Id.* ¶ 7.

## II.    STANDARD OF REVIEW

To survive a motion to dismiss under Fed. R. Civ. P. 12(b)(6), a plaintiff must set forth a "plausible claim."  That means the plaintiff must "plead[] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged . . . The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 566 U.S. 662, 678 (2009).  The reviewing court must assume the truth of all "well-pleaded facts and give the plaintiff the benefit of all reasonable inferences therefrom." *Thomas v. Rhode Island*, 542 F.3d 944, 948 (1st Cir. 2008).

## III.    DISCUSSION

Ms. Pavao seeks to bring four counts under the Fair Labor Standards Act ("FLSA") and state law on behalf of classes of dancers and servers.  Defendants move to dismiss Count II (FLSA Unlawful Tip Sharing); Counts I-II (FLSA claims) against Defendant Andres Kunhardt only; Plaintiff's claim for a three-year statute of limitations under the FLSA for alleged willfulness; and Plaintiff's claim for liquidated damages under the FLSA.  (ECF No. 18 at 1.)

2

### A. Count II (FLSA Unlawful Tip Sharing)

Defendants argue that Ms. Pavao has not plausibly alleged that Defendants "kept tips" because "Plaintiff alleges that dancers paid 'house fees' [and a] house fee is not a 'tip.'" (ECF No. 18-1 at 1.) Defendants do not present any cases to support their argument and do not explain how the fees alleged to have been taken out of the plaintiff's tips are not "any portion of employees' tips." 29 U.S.C. § 203(m)(2)(B). Moreover, their argument misses the mark as what Ms. Pavao plausibly alleges is not that house fee is a tip in of itself but that the house fee paid by dancers to Wonderland constituted the retention of a portion of their tips, which violates the FLSA. (ECF No. 16 ¶¶ 20–25.) She also alleges that dancers were forced to use a portion of their tips to tip-out non-service employees. (ECF No. 16 ¶ 22.) In sum, Plaintiff has sufficiently pled that she was an employee and that Defendants unlawfully garnished a portion of her tips.

### B. Counts I-II (FLSA claims) against Defendant Andres Kunhardt Only

Defendants next argue that all FLSA claims against Defendant Andres Kunhardt should be dismissed because the conduct alleged describes a managerial role rather than ownership. (ECF No. 18-1 at 2.) The First Circuit applies the "economic reality test" to assess individual liability under the FLSA. *Manning v. Bos. Med. Ctr. Corp.*, 725 F.3d 34, 47 (1st Cir. 2013). This test "look[s] to the totality of the individual's level of involvement with the corporation's day-to-day operations, as well as their direct participation in creating or adopting the unlawful pay practices." *Id.* The First Circuit "added substance," *id.*, to this test in *Baystate Alt. Staffing, Inc.*

*v. Herman*, explaining that courts should look at the role played by "officers in causing the corporation to undercompensate employees" and "other relevant indicia" such as "an individual's operational control over significant aspects of the business and an individual's ownership interest in the business." 163 F.3d 668, 678 (1st Cir. 1998).

Ms. Pavao has sufficiently alleged that Mr. Kunhardt identified himself as an owner of Wonderland and that he controlled wage practices. She alleges Mr. Kunhardt controlled how the house fee was calculated, dancer schedules, pricing within sections of Wonderland, and collected the fees and tip-outs charged to dancers and employees. (ECF No. 16 ¶¶ 23–29, 34.) Contrary to Defendants' assertions that Ms. Pavao does not plausibly allege "[d]irect responsibility for wage calculations" or "[a]uthority over compensation structure," (ECF No. 18-1 at 2), she does exactly that in describing Mr. Kunhardt's involvement and ownership at Wonderland. *See* ECF No. 16 ¶¶ 7, 23–25. Ms. Pavao describes how Mr. Kunhardt determined the house fee for each dancer, allegedly lowering the fee for dancers that arrived earlier in the day. *Id.* ¶ 25. She describes additional actions taken by Mr. Kunhardt to support her theory, including his hiring, suspension, and firing of employees. *Id.* ¶¶ 7, 26–27. At this stage, Ms. Pavao has pled facts sufficient for the economic reality test and to proceed with her claim that Mr. Kunhardt is individually liable for FLSA violations.

## C. Willful Violation of the FLSA

Defendants next argue that Ms. Pavao has not sufficiently pled that they willfully violated the FLSA. (ECF No. 18-1 at 2–3.) A violation is willful if "the

4

employer either knew or showed reckless disregard for the matter of whether its conduct was prohibited by the [FLSA]." *McLaughlin v. Richland Shoe Co.*, 486 U.S. 128, 133 (1988). A three-year statute of limitations applies if violations are shown to be willful. *Reich v. Newspapers of New Eng., Inc.*, 44 F.3d 1060, 1079 (1st Cir. 1995).

Determining whether a violation is willful is a "fact-intensive inquiry not appropriately resolved on a motion to dismiss." *Landry v. Time Warner Cable, Inc.*, 2017 WL 3444825, at *3 (D.N.H. Aug. 9, 2017) (quoting *Goodman v. Port Auth. of N.Y & N.J.*, 850 F. Supp. 2d 363, 381 (S.D.N.Y. 2012)). Ms. Pavao has specifically alleged that Defendants ignored frequent complaints, that they did not keep adequate records, and that they should have been aware of similar lawsuits brought by dancers against adult entertainment venues in Providence — all indications of willfulness. (ECF No. 16 ¶¶ 41–43.) Therefore, Ms. Pavao has met her burden at this stage.

### D. Liquidated Damages under the FLSA

Lastly, the Defendants argue that their "affirmative defense" of good faith has not been negated and therefore the claim for liquidated damages should be dismissed. (ECF No. 18-1 at 3.) Defendants do not support their argument with any caselaw. The plaintiff is not "required to anticipate and plead around affirmative defenses raised by Defendants." *Dennett v. Archuleta*, 982 F. Supp. 2d 166, 169 (D.R.I. 2013). Therefore, Defendants' argument fails at this stage.

## IV.    CONCLUSION

For the foregoing reasons, Defendants' motion is DENIED in its entirety. (ECF No. 18.)

IT IS SO ORDERED.

_____
Mary S. McElroy
United States District Judge

June 24, 2026